UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELVIN WRIGHT,<br><br>              Petitioner,<br><br>      v.<br><br>KENNETH NELSON,<br><br>              Respondent. | Civil Action No. 15-1219 (ES)<br><br>MEMORANDUM AND ORDER |

IT APPEARING THAT:

1. On February 11, 2015, *pro se* Petitioner Delvin Wright, a prisoner confined at Northern State Prison in Newark, New Jersey, filed a submission with this Court which appears to be an effort to remove his criminal action, Indictment Number 12-1002576-I, from state to federal court. (D.E. No. 1).

2. In his submission, Petitioner identifies 28 U.S.C. §§ 1331, 1441 and 1446 as his basis for jurisdiction. However, none of those statutes are applicable: 28 U.S.C. § 1331 applies to cases over which this Court has original federal jurisdiction and does not apply to state criminal actions; 28 U.S.C. §§ 1441 and 1446 relate to the removal of civil cases.

3. Even if Petitioner had identified 28 U.S.C. § 1443[1] as the basis for removal of his state criminal action, it does not appear that Petitioner's state criminal case is still pending, since he pled guilty and states that he was sentenced on June 28, 2013. (D.E. No. 1-1, ¶ 4-5). Consequently, there is no pending case to "remove" to this Court and, moreover, any attempt to do so would be

---

[1] 28 U.S.C. § 1443 allows a defendant to remove his or her criminal prosecution from state court to federal court in certain very limited circumstances.

substantially out of time under 28 U.S.C. § 1455(b)(1) ("a notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . .").

4. However, since it appears that Petitioner may wish to challenge his state conviction and sentence in federal court, the Court will direct the Clerk of the Court to provide Petitioner with a blank § 2254 habeas petition and application to proceed *in forma pauperis* in a habeas corpus case. If Petitioner wishes to proceed with a habeas action, he must submit, in a new case, a complete petition and either the $5 filing fee or an application to proceed *in forma pauperis*.

For the reasons stated above,

IT IS on this __3rd__ day of __March__, 2015;

ORDERED that Petitioner's request to "remove" his state criminal action is DENIED; and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014) and a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case, for use by a prisoner; and it is further

ORDERED that if Petitioner wishes to proceed with a habeas action, he must submit, in a new case, a complete petition and either the requisite filing fee or an application to proceed *in forma pauperis*; and it is further

ORDERED that the Clerk of the Court shall mark this matter CLOSED.

_____
Esther Salas, U.S.D.J.

2